# AFFIDAVIT OF ROBERT GUNTER

1. Your affiant, Robert Gunter, being duly sworn deposes and says the following facts are true and correct.

2. I am over the age of eighteen (18) and make the following statements based upon my personal knowledge.

3. I submit this Affidavit in relation to the copyright infringement claims asserted on behalf of Blueport Company, LLC (Blueport)

4. I currently am and have been the president of Blueport since its inception.

5. Blueport was established on February 11, 2000.

6. On or about March 6, 2000, Blueport Company, LLC acquired the copyrights and all other common law intellectual property rights to the AUMD program. Attached as Exhibit "A" is the "Assignment of Intellectual Property," dated March 6, 2000. Version 2.1g of the AUMD program reflects this change in ownership with the statement, "[A]uthored by Mark Davenport and is owned by Blueport Company, LLC. Copyright 1999/2000 All Rights Reserved."

7. By registration on March 9, 2000, Mr. Davenport made a public record of his copyright claim in the AUMD program, Version 2.1d. Attached as Exhibit "B" is the Certificate of Registration with regard to the AUMD program. Prior to this time, each version of the AUMD program reflected ownership in Mr. Davenport's name only. Version 2.1g recognizes Blueport as the copyright owner in the AUMD program.



PLAINTIFF'S EXHIBIT
4-page 1 of 12

8. As President of Blueport and the owner of the AUMD program, I initiated correspondence with the Air Force regarding the potential for licensing the AUMD program. Attached as Exhibit "C" is a facsimile, dated March 6, 2000 to Peggy Gast at Randolph Air Force Base, concerning Blueport's licensing overtures. My efforts toward seeking a licensing agreement with the Air Force were never reciprocated.

9. Despite the Air Force's knowledge that Blueport owned the rights to the AUMD program, it dealt solely with Mr. Davenport in its attempt to acquire a revised version of the AUMD program with an extended expiration date. On or around March 5, 2000, AFMIA and Colonel Zeimet were aware or should have been aware that Blueport was now the owner of the copyright to the AUMD program and, likewise, knew or should have known that Mr. Davenport could not make any changes to the AUMD program without Blueport's prior authorization. Nonetheless, in light of the potential threat of Mr. Davenport's court-martial, on May 11, 2000, I authorized Mr. Davenport to supply a new version of the AUMD program to the Air Force, Version 2.1g of the AUMD program.

10. Around February 5, 2001, the Air Force "hacked" into Version 2.1g of the AUMD program for the second time and changed its expiration date from February 15, 2001 to August 15, 2001. Although the Air Force had revised the expiration date, this new unauthorized version was still labeled Version 2.1g.

///

///

///



PLAINTIFF'S EXHIBIT
tabbies
4 - page 2 of 12

Further your affiant saith not.

EXECUTED this 21 day of May, 2001.

Robert Gunter

SUBSCRIBED and sworn to me this 21 day of May, 2001.

LYNDA J. TORKE
NOTARY PUBLIC
STATE OF IDAHO

Notary Public for the State of Idaho
Residing at: Boise, ID
Commission Expires: 9-11-06



PLAINTIFF'S EXHIBIT
4-page 3 of 12

EXHIBIT "A"

PLAINTIFF'S EXHIBIT
tabbies
4 - page 4 of 12

# ASSIGNMENT OF INTELLECTUAL PROPERTY

ASSIGNMENT made this 6th day of March, 2000, by Mark William Davenport ("Assignor") to BLUEPORT COMPANY, LLC, an Idaho limited liability company ("Assignee").

WHEREAS, Assignor does own, hold and enjoy certain intellectual property rights as described on the attached Schedule A, which list is intended to be demonstrative, but not exhaustive; and

WHEREAS, Assignor desires to transfer said intellectual property to Assignee.

NOW, THEREFORE, in consideration of good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor hereby assigns to Assignee all right, title and interest in and to said intellectual property described on the attached Schedule A.

Further, Assignor hereby covenants, agrees and confirms that he will execute such other documents as may now or in the future be required to acknowledge and confirm any part or all of said transfer and assignment.

Assignor hereby represents and warrants that he has authority to enter into this Assignment and that there are no agreements, understandings, instruments, contracts, proposed transactions, judgments, orders, units or decrees to which Assignor is a party or is bound which would in any way restrict, limit or prohibit assignment of any and all rights and property assigned herein. Assignor further hereby represents and warrants that he is the sole and absolute owner of said intellectual property and that it is free from liens and encumbrances. Assignor shall indemnify and hold harmless Assignee from and against any loss, damage or liability resulting directly or indirectly from any breach of these representations.

Signed this 6th day of March, 2000.

Mark William Davenport

Mark William Davenport

PLAINTIFF'S EXHIBIT 4-page 5 of 12



05/18/2001 08:00 FAX 2083227965 ROBERT GUNTER 002

# EXHIBIT "B"

PLAINTIFF'S EXHIBIT
4-page 6 of 12

# CERTIFICATE OF REGISTRATION

UNITED STATES COPYRIGHT OFFICE ★ THE LIBRARY OF CONGRESS ★

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

REGISTER OF COPYRIGHTS
*United States of America*

**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REG

TX 5-159-682

TX TXU

EFFECTIVE DATE OF REGISTRATION

MAR 0 9 2000
Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 1

TITLE OF THIS WORK ▼
UMD Admin Program V.2.0A and Master Program V.2.1D

PREVIOUS OR ALTERNATIVE TITLES ▼
N/A

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼
N/A

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼
N/A

## 2

**a** NAME OF AUTHOR ▼ Mark W. Davenport

DATES OF BIRTH AND DEATH Year Born ▼ 1961 Year Died ▼ N/A

Was this contribution to the work a "work made for hire"? ☐ Yes ☒ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country
OR { Citizen of ▶ USA
{ Domiciled in ▶ USA

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Author of complete source code of computer program

NOTE

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼ N/A

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** NAME OF AUTHOR ▼ N/A

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

## 3

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given ◀ Year in all cases.
1998

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published.
Month ▶ 05 Day ▶ 30 Year ▶ 1998
USA ◀ Nation

## 4

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Mark W. Davenport
2371 E. Gemini Avenue
Honolulu, HI 96818

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
N/A

DO NOT WRITE HERE OFFICE USE ONLY
APPLICATION RECEIVED
ONE DEPOSIT RECEIVED
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

PLAINTIFF'S EXHIBIT
4 page 7 of 12

MORE ON BACK ▶ • Complete all applicable spaces (number... • See detailed instructions.

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY

FORM TX

CHECKED BY

☐ CORRESPONDENCE Yes

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**5**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.)

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number: N/A  Year of Registration:

**6**

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates.

a Eight (8) prior versions of this software - all authored by Mark W. Davenport

See instructions before completing this space.

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.

b N/A

**7**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name: a N/A  Account Number:

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP

b Ken J. Pedersen, Pedersen & Company PLLC
P.O. Box 2666
Boise, ID 83701-2666

Area code and daytime telephone number (208)343-6355  Fax number (208)343-6341

Email ip@pedersenco.com

**8**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one:
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of Mark W. Davenport
Name of author or other copyright claimant, or owner of exclusive right(s)

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date If this application gives a date of publication in space 3, do not sign and submit it before that date.

Ken J. Pedersen  Date 3/3/00

Handwritten signature (X) X [signature]

The filing fee of $20.00 is effective through June 30, 1999. After that date, please write the Copyright Office, check the Copyright Office Website at http://www.loc.gov/copyright, or call (202) 707-3000 for the latest fee information.

**9**

Mail certificate to:

Name: Ken J. Pedersen, Pedersen & Company PLLC
Number/Street/Apt: P.O. Box 2666
City/State/ZIP: Boise, ID 83701-2666

Certificate will be mailed in window envelope

YOU MUST:
- Complete all necessary spaces
- Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

PLAINTIFF'S EXHIBIT 4-page 8 of 12

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration, as provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

September 1997—300,000  PRINTED ON RECYCLED PAPER  ☆U.S. GOVERNMENT PRINTING OFFICE: 1997-417/750-60,022

EXHIBIT "C"

PLAINTIFF'S
EXHIBIT
4 - page 9 of 12

# FAX

**March 06,2000**

**TO:** **Peggy Gast**
**Client Pepresentative**
**550 E Street east**
**Randolph AFB, TX 78150**

**Phone: 210 – 652-2470 ext: 3039**

**FAX Number** **<u>210 – 652- 5311</u>**

**FROM:** **Robert A. Gunter, President**
**Blueport Company, LLC**
**4240 Freedom Dr.**
**Meridian, ID 83642**

**Phone: 208 – 322 - 7965**

**3 Pages including the cover page.**

PLAINTIFF'S
EXHIBIT
4-page 10 of 12

Blueport Company, LLC
4240 Freedom Dr.
Meridian, Idaho 83642

Robert A. Gunter, President
(208) - 322-7965

March 06, 2000

SERVICES ADMINISTRATION
FEDERAL TECHNOLOGY SERVICES
IT SOLUTIONS
GREATER SOUTHWEST REGION

Air Force Manpower Innovation Agency (AFMIA)
550 E Street East
Randolph AFB, TX 78150

Attention: Peggy Gast Client Representative

Ladies and/or Gentlemen:

The Blueport Company, LLC, has acquired the copyrights and all other common law intellectual property rights to two computer programs that Mark William Davenport has developed on his own time, using his own equipment. The two computer programs are, 1), the **Unit Manpower Data Administration** program, called **UMD Admin.**, and 2), The **Unit Manpower Data Master** program, called **UMD.**

The Air Force has been enjoying the use of these programs since May 30, 1998, deriving great economic benefit from them and without having to pay any license fees or royalties.

It is my understanding that the use of these programs has increased over time, mostly by word-of-mouth, until now the programs are being used world wide by the Air Force. The Air Force's use of these programs has resulted in a substantial savings in man-hours in the past and potentially large savings in man-hours in the future. Although it is no easy task, I will try to quantify the savings that has been achieved in the past and the potential savings that might be realized in the future as a result of the use of these programs. I will also try to be on the conservative side.

I understand the Air Force is organized in 9 or more semiautonomous groups with each group having from 8 to 30 subgroups. The system that was in use prior to the development of these programs would require two people, at each semiautonomous group, working at least 8 hours a day to accomplish the desired results. With the use of the programs, that Mark Davenport developed, the man-hours required to accomplish the same results has been reduced from 16 or more hours per day to 1 to 2 hours a day. This is a reduction of up to 85 %, or a savings of 14 man hours every day. At the



PLAINTIFF'S EXHIBIT
4 - page 11 of 12

05/17/2001 10:00 FAX 2083227965 003

Blueport Company, LLC
4240 Freedom Dr.
Meridian, Idaho 83642

Robert A. Gunter, President
(208) - 322-7965

present time these programs are used at over 100 locations throughout the Air Force, at the 9 semiautonomous groups and at more that 90 of the subgroups.

If the assumption is made that the man-hours saved at each semiautonomous group is just 8 man-hours a day and further that the savings at each of the 90 subgroups is only 2 man-hours per day, then the man-hour savings for one year would be 59,400 man-hours. I think that you will agree, that this is a substantial savings in man-hours. If we make the assumption that during the 8 hours of work per day, that it cost $ 50.00 per hour to support a person, (that is including shelter, food, clothing, equipment, etc.) then we can see that would represent $2,970,000.00 of economic benefit per year. This is indeed a significant benefit.

Through the use of the these computer programs a person can complete his required job more efficiently and in a shorter time which will leave him with more time to work on other important tasks.

In trying to arrive at a realistic value to assign to these programs one should also take into consideration the fact that it is getting harder to get qualified people to enlist into the military.

I am looking forward to talking with you concerning the Air Force licensing these programs.

Sincerely,

Robert A. Gunter

Robert A. Gunter, President



PLAINTIFF'S EXHIBIT
4 - page 12 of 12

05/17/2001 10:00 FAX 2083227965 004