IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BLUEPORT COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-1622C |
| | ) | |
| THE UNITED STATES, | ) | Judge Lawrence J. Block |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SOVEREIGN IMMUNITY**

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

December 15, 2005

## TABLE OF CONTENTS

MEMORANDUM IN SUPPORT OF MOTION . . . . . . . . . 2

QUESTION PRESENTED . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . 2

ARGUMENT . . . . . . . . . 3

I. The Government Has Not Expressly Waived Sovereign Immunity with Respect to the Digital Millennium Copyright Act . . . . . . . . . 3

A. No Express Waiver Exists . . . . . . . . . 4

B. A Waiver is Contrary to the Policy of Section 1498(b) . . . . . . . . . 4

C. Blueport May Not Attempt to Imply a Waiver . . . . . . . . . 6

CONCLUSION . . . . . . . . . 7

## TABLE OF AUTHORITIES

CASES

*Boyle v. United States*,
200 F.3d 1369 (Fed. Cir. 2000) . . . . . . . . . . 5

*Boyle v. United States*,
44 Fed. Cl. 60 (1999), aff'd 200 F.3d 1369 (Fed. Cir. 2000) . . . . . . . . . . 5

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) . . . . . . . . . . 3

*Chamberlain Group, Inc. v. Skylink Technologies, Inc.*,
381 F.3d 1178 (Fed. Cir. 2004) . . . . . . . . . . 5, 6

*Decca Ltd. v. United States*,
544 F.2d 1070 (Ct. Cl. 1976) . . . . . . . . . . 5

*Franconia Associates v. United States*,
536 U.S. 129 (2002) . . . . . . . . . . 3

*Lane v. Pena*,
518 U.S. 187 (1996) . . . . . . . . . . 4, 6

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) . . . . . . . . . . 3

*Marathon Oil Co. v. United States*,
374 F.3d 1123 (Fed. Cir. 2004) . . . . . . . . . . 4

*Ruckelshaus v. Sierra Club*,
463 U.S. 680 (1983) . . . . . . . . . . 6

*Storage Technology Corp. v. Custom Hardware Engineering & Consulting, Inc.*,
421 F.3d 1307 (Fed. Cir. 2005) . . . . . . . . . . 5-6

*Universal City Studios, Inc. v. Corley*,
273 F.3d 429 (2d Cir. 2002) . . . . . . . . . . 5

# TABLE OF AUTHORITIES

## STATUTES

17 U.S.C. § 501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

17 U.S.C. §§ 1201-1205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6

28 U.S.C. § 1498 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## OTHER AUTHORITIES

Rule of the United States Court of Federal Claims 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

S. Rep. No. 1877 (86th Cong., 2nd Sess. 1960, reprinted in 1960 U.S.C.C.A.N. 3444, 3446) . . . 5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BLUEPORT COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-1622C |
| | ) | |
| THE UNITED STATES, | ) | Judge Lawrence J. Block |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR PARTIAL**
**SUMMARY JUDGMENT ON SOVEREIGN IMMUNITY**

Defendant, the United States ("the government"), respectfully moves that partial summary judgment be entered in its favor pursuant to Rule 56(b) of the Rules of the United States Court of Federal Claims ("RCFC"). In support of this Motion, the government relies upon the Amended Complaint[1], and the following Brief.

This action was brought by Blueport Company, LLC ("Blueport") for compensation pursuant to 28 U.S.C. § 1498(b), for the allegedly unauthorized use of a computer program. In a separate cause of action, Blueport contends that the government violated the Digital Millennium Copyright Act ("DMCA"). See 17 U.S.C. §§ 1201-1205. As a result of the alleged DMCA violation, Blueport claims that it is entitled to statutory damages, actual damages, and an injunction against the government.

Blueport's DMCA cause of action fails because the government has not waived its sovereign immunity with respect to the DMCA.

[1] Blueport filed an Amended Complaint on April 7, 2005. See Amended Complaint. For the remainder of this Memorandum, all citations to the "Complaint" will be to the Amended Complaint.

**MEMORANDUM IN SUPPORT OF MOTION**

**QUESTION PRESENTED**

1. Whether the government has waived sovereign immunity with respect to the Digital Millennium Copyright Act.

**STATEMENT OF THE CASE**

Blueport brought this case against the United States pursuant to 28 U.S.C. § 1498(b), claiming that the government infringed Blueport's copyright. See Complaint ¶ 3. Blueport alleges that it is entitled to compensation for the unauthorized copying and use of a computer program. See Complaint ¶¶ 26, 31-32. In addition, Blueport claims that "[t]his action also arises under the Digital Millennium Copyright Act of 1998." Complaint ¶ 3; see also Complaint ¶¶ 33-35.

In its Complaint, Blueport alleges that it is "the true, sole, and only owner of . . . a computer program, entitled AUMD." Complaint ¶ 1. The AUMD program was written by an Air Force Technical Sergeant named Mark Davenport, who worked in the Air Force's Manpower career field while he developed the program. See Complaint ¶¶ 5, 10. At the end of 1999, a dispute arose between T.Sgt. Davenport and the Air Force over the ownership of the source code to the AUMD program. See Complaint ¶ 12. During the beginning of 2000, the Air Force contracted with Science Applications International Corporation ("SAIC") to develop a program that offered similar functionality to the AUMD program. See Complaint ¶¶ 13, 19-20. T.Sgt. Davenport subsequently assigned all rights to the AUMD program to Blueport, a company that was formed by T.Sgt. Davenport and his uncle, Robert Gunter. See generally Complaint ¶ 14.

On March 9, 2000, Blueport registered its copyright for version 2.0A of AUMD Admin and version 2.1D of AUMD Master. See Complaint ¶¶ 1, 14. On November 18, 2002, Blueport filed a Complaint against the government, contending that the development and use of the SAIC program infringed its copyright.

## ARGUMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." RCFC 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The issue raised by this Motion is whether Blueport has established subject matter jurisdiction for its DMCA claim. Blueport, as the party invoking jurisdiction, bears the burden of proof with respect to this issue. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In order to establish subject matter jurisdiction, Blueport must identify the government's explicit waiver of sovereign immunity with respect to the DMCA. No such waiver exists.

### I. The Government Has Not Expressly Waived Sovereign Immunity with Respect to the Digital Millennium Copyright Act

Congress has not waived sovereign immunity with respect to the DMCA in any statute. "A waiver of the sovereign immunity of the United States cannot be implied but must be unequivocally expressed." Franconia Associates v. United States, 536 U.S. 129, 141 (2002) (citation omitted).

### *A. No Express Waiver Exists*

Sovereign immunity is interpreted broadly, and waivers are found in only the most strict circumstances. The Supreme Court has warned that a "waiver of the Federal Government's sovereign immunity must be unequivocally expressed in the statutory text, and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996) (citations omitted). Lane states that waivers of sovereign must be unambiguous, unequivocal, and expressed in statute. Furthermore, a waiver, once found, must be interpreted in the narrowest manner:

> Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign. To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims. A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text; the 'unequivocal expression' of elimination of sovereign immunity that we insist upon is an expression in statutory text.

Id. Implied or imputed waivers are to be discarded in favor of sovereign immunity. See Marathon Oil Co. v. United States, 374 F.3d 1123, 1127 (Fed. Cir. 2004).

When Congress enacted the DMCA in 1998, it did not waive sovereign immunity in any of the new provisions. Blueport cannot identify an explicit waiver of immunity for the DMCA, because none exists. This conspicuous absence of an express waiver, by itself, is enough to answer the question presented by this Motion and to deny Blueport's DMCA claim. See Lane, 518 U.S. at 192.

### *B. A Waiver is Contrary to the Policy of Section 1498(b)*

Even if one were to examine the history and the goals of the enactment of the legislation, it becomes clear that a waiver of DMCA immunity is inconsistent with the government's limited waiver of sovereign immunity with respect to copyright infringement. See 28 U.S.C. § 1498(b).

Section 1498(b) of Title 28 codifies the government's limited waiver of sovereign immunity for copyright infringement, and it establishes this Court's jurisdiction over such claims. See Boyle v. United States, 200 F.3d 1369, 1372-73 (Fed. Cir. 2000). Under Section 1498(b), the unauthorized use of a copyright by the government is analogous to an eminent domain taking. See Boyle v. United States, 44 Fed. Cl. 60, 63 (1999), aff'd 200 F.3d 1369 (Fed. Cir. 2000); see also Decca Ltd. v. United States, 544 F.2d 1070, 1082 (Ct. Cl. 1976). This viewpoint is reinforced by the legislative history. See S. Rep. No. 1877 (86th Cong., 2nd Sess. 1960, reprinted in 1960 U.S.C.C.A.N. 3444, 3446) (using the phrase "just compensation"). Yet while Section 1498(b) is concerned with the unauthorized use of a copyright, the relevant portions of the DMCA are concerned with the circumvention of access controls to a copyrighted work. "[T]he DMCA targets the circumvention of digital walls guarding copyrighted material (and trafficking in circumvention tools), but does not concern itself with the use of those materials after circumvention has occurred." Universal City Studios, Inc. v. Corley, 273 F.3d 429, 443 (2d Cir. 2002). As such, a DMCA violation is akin to trespass, rather than an infringement of a property right:

> The essence of the DMCA's anticircumvention provisions . . . establish causes of action for liability. They do not establish a new property right. The DMCA's text indicates that circumvention is not infringement, and the statute's structure makes the point even clearer. This distinction between property and liability is critical. Whereas copyrights, like patents, are property, liability protection from unauthorized circumvention merely creates a new cause of action under which a defendant may be liable.

Chamberlain Group, Inc. v. Skylink Technologies, Inc., 381 F.3d 1178, 1192-93 (Fed. Cir. 2004) (citations omitted); see also id. at 1196 ("the DMCA created circumvention liability for 'digital trespass' under § 1201(a)(1)"); Storage Technology Corp. v. Custom Hardware Engineering &

Consulting, Inc., 421 F.3d 1307, 1318 (Fed. Cir. 2005) (citing Chamberlain). The DMCA "trespass" analogy does not easily fit together with the Section 1498 "eminent domain taking" analogy.

To put it another way, it would be incongruous to hold that the government had reserved the right to take a license in a copyright, subject to reasonable compensation, only to be subject to additional liability for the initial "trespassing" on the copyright. Such a result has no support, explicit or implicit, in the legislative history or the case law. Section 1498 waives sovereign immunity only with respect to copyright *infringement*. See 28 U.S.C. § 1498(b) ("whenever the copyright in any work . . . shall be infringed by the United States"); compare with 17 U.S.C. § 501 (describing copyright infringement). There is no waiver for "digital trespass."

***C. Blueport May Not Attempt to Imply a Waiver***

It is likely that Blueport will argue that the text of the DMCA implies a waiver of immunity. In the Joint Status Report filed on July 11, 2005, Blueport argued that the specific exclusion of the United States from two DMCA provisions implies that the United States is liable for DMCA violations, and that "the Court has power to award 'damages' and 'attorneys fees' against the United States." Joint Status Report at 5; see 17 U.S.C. §§ 1201(e); 1202(d); 1203(b)(4) (excluding lawfully authorized activities of the United States, and prohibiting the recovery of costs against "the United States or an officer thereof"). Yet this is exactly the type of implied waiver that the Supreme Court has counseled against in construing waivers of sovereign immunity. See Lane, 518 U.S. at 192 (stating that waivers "must be unequivocally expressed in the statutory text"). Moreover, the government's consent to be sued must be construed strictly in favor of the sovereign and not enlarged beyond what the language requires. See Ruckelshaus v.

Sierra Club, 463 U.S. 680, 685 (1983). Accordingly, Blueport may not attempt to look beyond the statutory text to imply a waiver.

**CONCLUSION**

In view of the foregoing, it is respectfully requested that the Court grant partial summary judgment for the defendant.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

December 15, 2005

Attorneys for the United States

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on December 15, 2005 I electronically filed the foregoing DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SOVEREIGN IMMUNITY with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail address:

rylander@pacifier.com

I also certify that on December 15, 2005 I have sent a courtesy copy of the foregoing document by U.S. Mail, postage prepaid, to:

Kurt M. Rylander
KURT M. RYLANDER TRIAL AND
PATENT ATTORNEY AT LAW PC
406 West 12th Street
Vancouver, Washington 98660
(360) 750-9931

Attorney for Plaintiff

s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345