IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BLUEPORT COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-1622C |
| | ) | |
| THE UNITED STATES, | ) | Judge Lawrence J. Block |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT BASED UPON SOVEREIGN IMMUNITY**

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

February 6, 2006

## TABLE OF CONTENTS


I. Blueport Cannot Identify an Express Waiver of Sovereign Immunity . . . . . . . . . . . . . . . 1

II. Blueport May Not Imply a Waiver of Sovereign Immunity . . . . . . . . . . . . . . . . . . . . . . . 3

A. Blueport's "Superfluous" Argument Is Unsupported . . . . . . . . . . . . . . . . . . . . . . . 3

B. Blueport's "Intentional Tort" Argument Has No Basis in the Case Law . . . . . . . . 4

C. The Government Has Not "Decoupled" the DMCA from the Copyright Act . . . . 5

D. The Use of the Phrase "Digital Trespass" Is Irrelevant to a Waiver . . . . . . . . . . . 5

III. Blueport's Takings Claim Is Without Merit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES

### CASES

Boyle v. United States,
200 F.3d 1369 (Fed. Cir. 2000) . . . . . . . . . . 5, 7

Boyle v. United States,
44 Fed. Cl. 60 (1999), aff'd 200 F.3d 1369 (Fed. Cir. 2000) . . . . . . . . . . 4

Chamberlain Group, Inc. v. Skylink Technologies, Inc.,
381 F.3d 1178 (Fed. Cir. 2004) . . . . . . . . . . 5

Crozier v. Krupp,
224 U.S. 290 (1912) . . . . . . . . . . 4

Decca Ltd. v. United States,
544 F.2d 1070 (Ct. Cl. 1976) . . . . . . . . . . 4

Department of the Army v. Blue Fox, Inc.,
525 U.S. 255 (1999) . . . . . . . . . . 1, 3

Lane v. Pena,
518 U.S. 187 (1996) . . . . . . . . . . 1-4

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992) . . . . . . . . . . 3

Marathon Oil Co. v. United States,
374 F.3d 1123 (Fed. Cir. 2004) . . . . . . . . . . 3, 4

Preseault v. Interstate Commerce Commission,
494 U.S. 1 (1990) . . . . . . . . . . 7

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . 1

Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,
473 U.S. 172 (1985) . . . . . . . . . . 7

## STATUTES

17 U.S.C. § 106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

17 U.S.C. § 1201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

17 U.S.C. § 1202 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

17 U.S.C. § 1203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

28 U.S.C. § 1498 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-7

28 U.S.C. § 2671 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## OTHER AUTHORITIES

Rule 8 of the Rules of the United States Court of Federal Claims . . . . . . . . . . . . . . . . . . . . . . . . 6

Rule 56 of the Rules of the United States Court of Federal Claims . . . . . . . . . . . . . . . . . . . . . . . 1

S. Rep. No. 1877 (86th Cong., 2nd Sess. 1960, reprinted in 1960 U.S.C.C.A.N. 3444, 3446) . . . 5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BLUEPORT COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-1622C |
| | ) | |
| THE UNITED STATES, | ) | Judge Lawrence J. Block |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT BASED UPON SOVEREIGN IMMUNITY**

Defendant, the United States ("the government"), hereby replies to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment on Sovereign Immunity ("Response"). Blueport Company, LLC ("Blueport") failed to raise any genuine issues of fact material to the government's motion. Therefore, the government is entitled to judgment as a matter of law, and Defendant's Motion for Partial Summary Judgment on Sovereign Immunity ("Motion") should be granted. See Rule 56(c) of the Rules of the United States Court of Federal Claims ("RCFC").

**I. Blueport Cannot Identify an Express Waiver of Sovereign Immunity**

Although the Supreme Court has repeatedly held that waivers of sovereign immunity cannot be implied, Blueport completely fails to cite to an unequivocal statutory waiver of sovereign immunity for the Digital Millennium Copyright Act ("DMCA"). See United States v. King, 395 U.S. 1, 4 (1969); Lane v. Pena, 518 U.S. 187, 190-192 (1996); Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999). Blueport characterizes several provisions in the DMCA as express waivers, yet the language used in those provisions cannot possibly support that interpretation. See Response at 5-6. Section 1201(e) and 1202(d) of Title 17 both contain the language at issue:

> This section does not prohibit any lawfully authorized investigative, protective, information security, or intelligence activity *of an officer, agent, or employee* of the United States, a State, or a political subdivision of a State, *or a person acting pursuant to a contract* with the United States, a State, or a political subdivision of a State.

17 U.S.C. §§ 1201(e); 1202(d) (emphasis added). Section 1203(b) states that Courts, in their "discretion[,] may allow the recovery of costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 1203(b). The language in each of these sections cannot be read to constitute an express waiver of sovereign immunity. Significantly, Blueport does not cite any legislative history to support its contention that the "clear intent" of the language was to provide a waiver. See Response at 6. Instead, a more plausible explanation for the language exists: the drafters appear to have presumed that the government did not waive sovereign immunity, because the express terms of these sections appears to *expand* sovereign immunity to shield state and federal government employees and contractors from liability and costs.[1] Blueport's statement that "agents of the sovereign share immunity" is unsupported, and incorrect in certain contexts. Response at 5; compare 28 U.S.C. § 2671 (excluding government contractors from the Federal Tort Claims Act waiver of sovereign immunity).

Despite the fact that the cited language does not unequivocally waive sovereign immunity, and despite the existence of a plausible explanation for the cited provisions, Blueport advances three arguments that sovereign immunity has been waived by implication. Waivers of sovereign immunity cannot be implied. Lane, 518 U.S. at 190-192. Blueport's efforts are futile, and fall short of meeting its burden of proof with respect to the "high standard" of proving a

---

[1] Furthermore, the government argued in its Motion that a waiver of immunity would be contrary to the policy of Section 1498(b). See Motion at 4-6. The government supported its argument with citations to case law and legislative history.

waiver of sovereign immunity. Response at 6 (acknowledging the "high standard[] set by the Supreme Court"); Blue Fox, 525 U.S. at 261; see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (discussing the burden of proof). As noted in the government's initial Motion, Blueport's conspicuous failure to identify an express waiver constitutes sufficient grounds to grant partial summary judgment in favor of the government, without resorting to consideration of Blueport's waiver-by-implication arguments. See Motion at 4.

## II. Blueport May Not Imply a Waiver of Sovereign Immunity

### *A. Blueport's "Superfluous" Argument Is Unsupported*

Blueport relies on two unpersuasive arguments to support its claim that sovereign immunity renders Sections 1201(e), 1202(d), and 1203(b)(4) "superfluous." First, Blueport cites a dissent in a Federal Circuit case for a canon of statutory construction. See Response at 5-6. Second, Blueport attempts to distinguish Lane v. Pena, a case cited by the government in its Motion. See Response at 6-7; Motion at 4, 6.

Blueport's claim that sovereign immunity renders the cited sections of the DMCA superfluous is without merit. Blueport cites only the dissent of one case in support of its claim, and the majority opinion in that case contradicts Blueport's argument. In Marathon Oil, the Federal Circuit concluded that the plaintiffs-appellants did not "demonstrate[] an unequivocal or unambiguous waiver of sovereign immunity for post-judgment interest on their contract judgment." Marathon Oil Co. v. United States, 374 F.3d 1123, 1132 (Fed. Cir. 2004) . The statute in question was subject to some ambiguity, and the legislative history did not provide evidence of Congress's intent. Id. at 1132-33. The court held that sovereign immunity had not been waived because

> the existence of a plausible reading under which Congress has not waived sovereign immunity means that we are obliged to conclude from the plain language of the statute that Congress did not intend to waive sovereign immunity.

Id. at 1133. The decision in Marathon Oil supports the government's Motion.

Blueport's effort to distinguish the facts of Lane v. Pena from the facts of this case serves no purpose. See Response at 6-7. The government cited the Supreme Court's decision in Lane for the purpose of identifying the settled law with respect to the limited nature of waivers of sovereign immunity. See Motion at 4. Even though Blueport may argue that certain facts are distinguishable,[2] the precedential case law in Lane is not: waivers of sovereign immunity are strictly construed, and may not be implied. See Lane, 518 U.S. at 192.

### *B. Blueport's "Intentional Tort" Argument Has No Basis in the Case Law*

Blueport's second waiver-by-implication argument is based on a mistaken premise. Blueport argues that copyright infringement under Section 1498 of Title 28 is akin to trespass. See Response at 7-9. This argument has been considered and rejected by the relevant case law. See Boyle v. United States, 44 Fed. Cl. 60, 63 (1999), aff'd 200 F.3d 1369 (Fed. Cir. 2000) (holding that the unauthorized use of a copyright by the government is analogous to an eminent domain taking); see also Decca Ltd. v. United States, 544 F.2d 1070, 1082 (Ct. Cl. 1976) (citing Crozier v. Krupp, 224 U.S. 290, 308 (1912)) (stating that, in the context of Section 1498(a), "it is settled that Governmental use of a patented invention is viewed as an eminent domain taking of a license under the patent and not as a tort"). In addition, Blueport's argument contradicts the

[2] The government contends that the facts are similar, in that the Lane petitioner argued that the government had waived sovereign immunity, based on the petitioner's interpretation of 29 U.S.C. § 794(a) in light of the statements in 29 U.S.C. § 794a(a)(2). See Lane, 518 U.S. at 191-92. Blueport appears to make the same waiver-by-implication argument by attempting to read the DMCA in light of the Copyright Act. See Response at 7-10.

intent of Congress. See S. Rep. No. 1877 (86th Cong., 2nd Sess. 1960, reprinted in 1960 U.S.C.C.A.N. 3444, 3446) (using the phrase "just compensation"). Blueport's citation to a case that dealt only with Title 17 copyright infringement is irrelevant.

***C. The Government Has Not "Decoupled" the DMCA from the Copyright Act***

In Blueport's third waiver-by-implication argument, it claims that the government has "decoupled" the DMCA from the Copyright Act. See Response at 9-10. This is untrue. Although Blueport cites the Chamberlain case for the proposition that there is a "connection" between the DMCA and the Copyright Act, the alleged "connection" cannot establish a waiver of sovereign immunity. See Chamberlain Group, Inc. v. Skylink Technologies, Inc., 381 F.3d 1178 (Fed. Cir. 2004). The only waiver of sovereign immunity for copyright infringement is Section 1498(b) of Title 28. That section waived sovereign immunity for activities that constitute direct copyright infringement, but did not waive immunity for "connected" activities that do not rise to the level of direct infringement. See, e.g., Boyle v. United States, 200 F.3d 1369, 1372-73 (Fed. Cir. 2000) (holding that the government had not waived sovereign immunity for contributory copyright infringement). A violation of the DMCA is not direct copyright infringement. See Chamberlain, 381 F.3d at 1192 ("The DMCA's text indicates that circumvention is not infringement, and the statute's structure makes the point even clearer.") (citation omitted). Accordingly, there is no support for Blueport's argument that the "connection" between the DMCA and the Copyright Act results in a waiver of sovereign immunity.

***D. The Use of the Phrase "Digital Trespass" Is Irrelevant to a Waiver***

Blueport's final comment does not appear to be an argument in favor of a waiver at all. Instead, Blueport criticizes the use of the phrase "digital trespass" by the Federal Circuit and by

the government in its Motion. See Response at 11. Although Blueport may be correct in insisting that the DMCA protects non-digital works, the point is irrelevant with respect to the present Motion.

## III. Blueport's Takings Claim Is Without Merit

As an initial matter, Blueport's raised the issue of a Fifth Amendment "takings" claim for the first time in its Response. Blueport did not specifically plead this issue in its Complaint, as required by the rules of this Court. See RCFC 8(a); 8(c). Blueport did not identify this issue in the Joint Preliminary Status Report. Nor did Blueport separately raise this issue in a motion or cross-motion for summary judgment.

Even if Blueport had properly raised its takings claim, it can show no set of circumstances that would give rise to a valid takings claim. Blueport incorrectly argues that

> If merely copying a work of authorship without permission is a taking of property, as argued by Defendant and hinted at in some court opinions, then changing the ownership information and asserting complete ownership of the entire work, as well as all copies and derivatives, constitutes an even more blatant taking of property than mere infringement.

Response at 12. Blueport's statement is completely unsupported by any legal authority, and is wrong. Blueport has alleged, at most, that the government created a derivative work based upon Blueport's copyrighted work. Making derivative works, however, is identical to copying in that both are considered to be "mere infringement" by the Copyright Act. See 17 U.S.C. §§ 106(1); 106(2). Thus, this case is subject to two possible outcomes: (1) either the government has infringed Blueport's copyright, and must pay reasonable and entire compensation pursuant to Section 1498; or (2) the government has not infringed Blueport's copyright, and must pay nothing. Neither outcome results in a valid takings claim.

First, Blueport has no takings claim if the Court ultimately rules that the government infringed Blueport's copyright. According to the Supreme Court, "if the government has provided an adequate process for obtaining compensation, and if resort to that process 'yield[s] just compensation,' then the property owner 'has no claim against the Government' for a taking." Preseault v. Interstate Commerce Comm'n, 494 U.S. 1, 11 (1990) (quoting Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194-195 (1985)). Section 1498 provides an adequate process for obtaining reasonable and entire compensation for copyright infringement by the government. See 28 U.S.C. § 1498(b); see generally Boyle, 200 F.3d at 1374.

Second, Blueport has no takings claim if the Court ultimately rules that the government did not infringe Blueport's copyright. If there is no infringement, then the government has not "taken" anything. See, e.g., Boyle, 200 F.3d at 1374 (finding no takings claim where the government could not "have destroyed, physically occupied, or regulated Boyle's [copyright]."). Therefore, Blueport's takings claim fails as a matter of law.

## CONCLUSION

In view of the foregoing, it is respectfully requested that the Court grant the government partial summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

February 6, 2006

Attorneys for the United States

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on February 6, 2006 I electronically filed the foregoing DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT BASED UPON SOVEREIGN IMMUNITY with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail address:

rylander@pacifier.com

This email address corresponds to the following individual:

Kurt M. Rylander
KURT M. RYLANDER TRIAL AND
PATENT ATTORNEY AT LAW PC
406 West 12th Street
Vancouver, Washington 98660
(360) 750-9931

Attorney for Plaintiff

s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345