# The United States Court of Federal Claims

**No: 02-1622 C**
February 14, 2006

**BLUEPORT COMPANY, LLP,**

***Plaintiff*,**

**v.**

**THE UNITED STATES OF AMERICA,**

***Defendant*.**

**ORDER**

On December 15, 2005, defendant filed a Motion for Partial Summary Judgment ("Motion") pursuant to Rule 56(c) on plaintiff's claim alleging the government violated the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201-05. Plaintiff filed its Response on January 23, 2006, and defendant filed its Reply on February 6, 2006.

In its Motion, defendant argues that plaintiff has failed to establish subject matter jurisdiction for its DMCA claim. Defendant argues that "in order to establish subject matter jurisdiction, Blueport must identify the government's explicit waiver of sovereign immunity with respect to the DMCA. No such waiver exists." D. Mot. at 3. Defendant further argues that:

> When Congress enacted the DMCA in 1998, it did not waive sovereign immunity in any of the new provisions. Blueport cannot identify an explicit waiver of immunity for the DMCA, because none exists. This conspicuous absence of an express waiver, by itself, is enough to answer the question presented by this Motion and to deny Blueport's DMCA claim.

D. Mot. at 4.

Unfortunately, nowhere do the parties mention the relationship of the Tucker Act in regards to the government's waiver of sovereign immunity. 28 U.S.C. § 1491(a)(1). The Tucker Act waives the government's sovereign immunity—and thereby gives this court jurisdiction to render judgment against the United States—for claims "founded either upon the Constitution, or *any Act of Congress* or any regulation of an Executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis supplied).

The Tucker Act's waiver of sovereign immunity applies only to cases within the jurisdiction of the Court of Federal Claims. It does not waive sovereign immunity for cases brought in U.S.

District Courts. The cases on which defendant's briefs rely are district court cases. *See Lane v. Pena*, 518 U.S. 187, 190 (1996) (suit filed in Federal District Court); *see also Blue Fox, Inc.*, 525 U.S. at 689 (sued in Federal District Court). This distinction wholly explains both why the Tucker Act was not discussed in those cases (they were not Court of Federal Claims cases) and why the courts required explicit waivers of sovereign immunity (because the Tucker Act's waiver did not apply). Accordingly, citations to these cases is of no help to the court resolving any jurisdictional issues in this case; the cases upon which defendant relies are inapposite to jurisdictional issues this court confronts.[1]

To argue that this court lacks subject matter jurisdiction because the DMCA does not contain an express waiver of sovereign immunity misses the true jurisdictional questions before the court.[2] First, there is a question of whether the DMCA grants exclusive jurisdiction to United States District Courts. *See* 17 U.S.C. § 1203. Specifically, 17 U.S.C. § 1203(a) states: "Any person injured by a violation of section 1201 or 1202 may bring a civil action in an appropriate United States district court for such violation." This language would seem to raise the question as to whether the Court of Federal Claims is even allowed to hear claims brought under the DMCA.

Second, assuming the DMCA does not grant exclusive jurisdiction to U.S. District Courts, there is a question as to whether the DMCA comes under the express waiver of sovereign immunity in the Tucker Act. While the Tucker does contain a waiver of sovereign immunity, "not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). As the Federal Circuit has recently explained in *Fisher v. United States*, "the Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. In the parlance of Tucker Act cases, that source must be 'money-mandating.'" *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

---

[1] The Tucker Act's waiver is evident in other cases defendant cites in its briefs. For example, defendant's Reply brief cites the U.S. Supreme Court decision in *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255 (1999). In that case, the Supreme Court specifically states: "Congress, of course has waived its immunity for a wide range of suits, including those that seek traditional money damages. Examples are the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and the Tucker Act, 28 U.S.C. § 1491." *Id.* at 690. Then, in footnote 3 of the same opinion the Court explains: "The Tucker Act grants the Court of Claims jurisdiction 'to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.* at 691 n. 3 (citing 28 U.S.C. § 1491(a)(1)); *see also Franconia Assoc. v. United States*, 536 U.S. 129, 132 (2002) (expressed waiver of the sovereign immunity "satisfied" since the plaintiff brought suit in the Court of Federal Claims under the Tucker Act).

[2] The court may raise the issue of subjection matter jurisdiction at any time, *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

Thus, the second jurisdictional question before this court concerns whether the DMCA is a money-mandating statute. If the DMCA can be construed as money-mandating, the waiver of sovereign immunity within the Tucker Act is applicable and this court has subject matter jurisdiction to decide the claim. If the DMCA cannot be construed as money-mandating, the waiver of sovereign immunity within the Tucker Act is inapplicable and this court will lack subject matter jurisdiction.

These issues are neither new nor novel; the parties should have briefed them in the first instance. However, since the parties' briefs contain no discussion as to whether the DMCA grants exclusive jurisdiction to U.S. District Courts and whether the DMCA is a money-mandating statute, the parties are **ORDERED** to file supplemental briefs on these issues. The supplemental briefs shall be filed by both parties no later than **March 6, 2006**, and shall not exceed **20** pages.

**IT IS SO ORDERED.**

s/*Lawrence J. Block*

Lawrence J. Block
Judge