IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BLUEPORT COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-1622C |
| | ) | |
| THE UNITED STATES, | ) | Judge Lawrence J. Block |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO BLUEPORT'S WITNESSES AND EXHIBITS**

Pursuant to the Court's Order of December 22, 2005, and Paragraphs 14(a)(3) and 14(b) of Appendix A of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States ("the government"), hereby sets forth its objections to Blueport's Witness and Exhibits Lists.

**Objections to Blueport's Witnesses**

1. General Objections to Blueport's Witness Lists

Blueport's Witness List did not follow the specific requirements set forth in the Rules of this Court. Pursuant to Paragraph 15(a) of RCFC Appendix A, Blueport's Witness List should "separately identify those whom the party expects to present and those whom the party may call if the need arises." RCFC App. A ¶ 15(a). In addition, Blueport must identify "the time needed for direct examination" for each witness. Id. Blueport's Witness List did not contain these elements.

Furthermore, Paragraph 13(b) of RCFC Appendix A requires that Blueport include "addresses and telephone numbers" of the witnesses on its Witness List. RCFC App. A ¶ 13(b). Blueport did not include a full address and a telephone number for any of the listed witnesses.

Blueport's representations regarding the nature of the witnesses' testimony are questionable, given its failure to provide contact information for many of the witnesses.

Counsel for the parties, however, have been independently trying to resolve these issues.

2. Dr. David Orr

The government will file a Motion *In Limine* with respect to Dr. David Orr's testimony. Dr. Orr's testimony concerning substantial similarity is not based upon sufficient facts or data, is not the product of reliable principles and methods, and what methodology Dr. Orr does use is not applied reliably to the facts of this case as required by Rule 702 of the Federal Rules of Evidence ("FRE").

3. John Doe 1; John Doe 2; John Doe 3; Webmaster AFMIA

These witnesses do not meet the identification requirements in RCFC App. A ¶¶ 13(b), 15(a). See *supra* ¶ 1. Blueport had over a year to conduct fact discovery and to identify these anonymous witnesses. In addition, Blueport may not represent the nature of the testimony for these witnesses without discovery. Therefore, the government objects to these witnesses.

**Objections to Blueport's Exhibits (BX)**

1. BX 1-36; BX 79-89; BX 92-93; BX 106 – SAIC Documents

As a general matter, the SAIC documents should be marked as Protected Material under the Protective Order entered in this case. Counsel for the parties have independently resolved this issue. Counsel for Blueport acknowledged the protected nature of these documents in letters dated February 9, 2004 and June 1, 2006.

The government objects to the admissibility of the specifically referenced SAIC documents. These exhibits appear to be a collection of various documents created by third-party SAIC relating to its work on the MARS program for the Air Force. Some of the documents appear to be email and reports submitted to the government; others appear to be drafts of documents that were circulated internally at SAIC. The government objects to these exhibits as hearsay which is not admissible pursuant to any of the hearsay rules. SAIC is not a party to this suit, so the hearsay exceptions in FRE 801(d)(2) cannot apply.

The statements are also objectionable because they lack foundation. There is no indication of the basis for the persons' beliefs and conclusions.

2. BX 37 – Table of Manpower Strength of USAF

The government objects to the admissibility of this table. These document purports to provide information on the Air Force, but appears on Blueport's letterhead. In addition, the document indicates that it is page 3 of 3, but the previous two pages were claimed as privileged by Blueport and not produced during fact discovery. The government objects to this exhibit as hearsay which is not admissible pursuant to any of the hearsay rules. The document is also objectionable because it lacks foundation.

3. BX 47 – USAF Fact Sheet AF Mobility Command

The government objects to this exhibit because Blueport never produced this exhibit. In a letter to Blueport's counsel dated March 1, 2004, counsel for the government specifically noted that

Blueport had not produced documents with the Bates numbers of 200028-30. Because Blueport has not produced this exhibit, Blueport should not be allowed to use it at trial. See RCFC 37(c)(1).

4. BX 50 – USAF Fact Sheet USAF Per Counter

The government objects to this exhibit because Blueport produced only part of this exhibit during discovery. In a letter to Blueport's counsel dated March 1, 2004, counsel for the government specifically noted that Blueport had not produced a document with the Bates number of 200038. Because Blueport has not produced this complete exhibit, Blueport should not be allowed to use it at trial. See RCFC 37(c)(1).

5. BX 58-62 – AFMAN 36-2108 documents; AF Instructions 36-2101

The government objects to these exhibits because Blueport produced only a small portion of the pages of one of these exhibits during discovery. According to Blueport's Exhibit List, these five exhibits comprise approximately 85 pages between Bates numbers 200177 and 200278. Blueport, however, produced only six pages of the total during discovery – 200208, 200210-14. Furthermore, Blueport asserted privilege over many documents with Bates numbers in this range, and did not produce the documents. Because Blueport has not produced these exhibits, Blueport should not be allowed to use them at trial. See RCFC 37(c)(1).

6. BX 90 – Copyright Registration Application

The government objects to Blueport's designation that this exhibit is Protected Material under the Protective Order. The Copyright Registration, together with the deposit copy, is a publicly filed

document with the United States Copyright Office, and cannot contain any proprietary information. In addition, the document was produced over a year ago in the course of fact discovery, and was not designated as Protected Material.

The government objects only to the designation of this exhibit, and does not object to the admissibility or authentication of this exhibit.

7. BX 91 – Expert Report of David Orr

The government will file a Motion *In Limine* with respect to Dr. David Orr's testimony. Dr. Orr's testimony concerning substantial similarity is not based upon sufficient facts or data, is not the product of reliable principles and methods, and what methodology Dr. Orr does use is not applied reliably to the facts of this case as required by FRE 702.

8. BX 95 – Screen Shots of AFMIA Website

The government objects to this exhibit due to a lack of foundation.

9. BX 120, 123-27 – AFMAN documents; USAF Policy Directives

The government objects to these exhibits because Blueport never produced these exhibits during discovery. These documents were not assigned Bates numbers. Because Blueport has not produced these exhibits, Blueport should not be allowed to use them at trial. See RCFC 37(c)(1).

Counsel for the parties, however, have been independently trying to resolve this issue.

10. BX 141, 142 – Davenport copies of software

The government objects to these exhibits because they have not been produced by Blueport in any form. Because Blueport has not produced these exhibits, Blueport should not be allowed to use them at trial. See RCFC 37(c)(1).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

OF COUNSEL:

CHUN-I CHIANG
Air Force Legal Operations Agency
Department of the Air Force

June 8, 2006

Attorneys for the United States

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on June 8, 2006 I electronically filed the foregoing DEFENDANT'S OBJECTIONS TO BLUEPORT'S WITNESSES AND EXHIBITS with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail address:

rylander@pacifier.com

Upon information and belief, this email address corresponds to the following individual:

Kurt M. Rylander
KURT M. RYLANDER TRIAL AND
PATENT ATTORNEY AT LAW PC
406 West 12th Street
Vancouver, Washington 98660
(360) 750-9931

Attorney for Plaintiff

s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345