**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| BLUEPORT COMPANY LLC,<br><br>Plaintiff,<br>-v-<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 02-1622C<br><br>Judge Lawrence J. Block |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS AND EXHIBITS LISTS**

COMES NOW Plaintiff and submits these Respones to Defendant's Objections to Plaintiff's Witnesses and Exhibits:

Pursuant to the Court's Order of December 22, 2005, and Paragraphs 14(a)(3) and 14(b) of Appendix A of the Rules of the Court of Federal Claims ("RCFC"), Plaintiff, Blueport LLC, hereby submits their responses to Defendant's Objections.

**DEFENDANT'S OJECTIONS TO PLAINTIFF'S WITNESSES**

1. Defendant's General Objections

Plaintiff provided Defendant the contact and identification information possessed by Plaintiff. Plaintiff provided Defendant with its estimated time for the main witnesses Plaintiff intends to call, namely, Robert Gunter, Mark Davenport, David Orr PhD, Walter Rudd, Colonel Manning, Anthony Dant, Peggy Gast, Glendon Hendricks, and Mr. Spitzer. Plaintiff will file a supplemental Witness list to correspond to the information provided. Regarding, the remainder, Plaintiff is unable to give an honest estimate of which witnesses are likely to be called, as opposed to those called if necessary, and the estimated time of their testimony until Plaintiff and Defendant have finalized the joint

stipulations. Further, Defendant objects to authenticity of Defendant's own documents and the documents of Defendant's express agent, and so Plaintiff is currently planning on calling employees and agents of Defendant to authenticate Defendant's own documents, and the documents of Defendant's express agent. Plaintiff submits there is no basis to exclude any of Plaintiff's witnesses on the basis of this objection.

2. Defendant's Objections to Dr. David Orr, Ph.D

Defendant's objections to Dr. Orr's testimony will be addressed in Plaintiff's Response to Defendant's Motion In Limine.

3. John Doe 1; John Doe 2; John Doe 3; Webmaster AFMIA

Plaintiff provided a Supplemented Trial Exhibit and Witness List to Defendant identifying the "John Doe" witnesses as SAIC employees Andy Winter, Nicole Hagler, Gerald Williams, provided contact addresses to Defendants, and summarized their potential testimony, by separate e-mail correspondence on June 5, 2006. Defendant takes the position that even though SAIC was under contract with the government to produce the MARS program alleged to infringe, that SAIC was not an agent of the government operating in the scope of that agency, and in furtherance of that relationship. Accordingly, these witnesses may be necessary for foundation if Defendant refuses to stipulate to those exhibits.

Plaintiff strikes "Webmaster AFMIA" from its Trial Exhibit and Witness List.

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS ("BX")**

1. Blueport Exhibits 1-36; 79-89; 92-93; and,106 – SAIC Documents

Defendant contends these documents to be third party hearsay which does not fall under FRE 801(d)(2) Admissions of a Party. Defendant is incorrect. SAIC is a a

Defendant in fact in the prestent suit, and therefore a party, although not a named party in the suit. SAIC would be a named Defendant in this suit if not for the provision of 28 U.S.C. § 1498(b), first paragraph:

> "Hereafter, whenever the copyright in any work protected under the copyright laws of the United States shall be infringed by... a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or constent of the Government, the exclusive action which may be brought for such infringement sahll be an action... against the United States..."

Thus, although the United States stands in the place of its contractors as an indemnity, the contractor SAIC is still a defendant in fact and therefore admissions by the contractor fall under the exception of FRE 801(d)(2) that admissions of a party opponent are not inadmissible hearsay.

Even if SAIC is not considered a party in fact, the documents, emails, and statements would still fall under either or both of FRE 801(d)(2)(D) and (E). Under FRE 801(d)(2)(D) "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" is not hearsay. All documents, emails, and statements produced by SAIC pursuant to government contract GSA-35F4461G Task FY57001 were made as an "agent or servant" of the named Defendant, were "concerning a matter within the scope of the agency" (i.e. production of the MARS software and related documentation, and alterations to the AUMD software), and were made "during the existence of the relationship" (i.e. in the course of the contract). The documents and emails from SAIC were produced as required deliverables under the contract.

SAIC documents, emails, or statements would also be admissible under FRE 801(d)(2)(E) because they are statements "by a coconspirator of a party during the

course and furtherence of the conspiracy." The illegal acts of infringment and violations of the DMCA committed by Defendant were knowing and willful, and SAIC knowingly and willfully colluded and participated in acts in furtherence of these illegal actions, and so is a "coconspirator." Further, these documents, emails and statements were made before the objectives of the conspiracy were attained, which objectives were to illegally hack into and alter the AUMD software authored by Davenport and owned by Plaintiff, and to create an "exact copy" of Plaintiff's AUMD software programs for use by Defendant. Nor does Rule 801 require that a coconspirator be named as a separate party in the present suit to make such statements non-hearsay, the statements simply must be those of a coconspirator made during the course of and in furtherence of the conspiracy. The SAIC documents and emails are therefore not hearsay and are admissible.

2. <u>Blueport Exhibit 37 – Table of Manpower Strength of USAF</u>

Defendant objects to Blueport Exhibit 37 as inadmissible hearsay and lacking foundation. Defendant also objects because part of this exhibit was withheld by Plaintiff as privileged.

Blueport Exhibit 37 is not inadmissible hearsay. Blueport Exhibit 37 is admissible under the residual hearsay exception of FRE 807. Blueport Exhibit 37 is a compilation of aggregate personnel strengths based on data published through open sources by the Air Force. This compilation was performed by Plaintiff's President, Robert Gunter in order to support claims of damages. Mr. Gunter will be available at trial to provide foundation at trial. This exhibit falls under 807 because it is: (A) offered as evidence of a material fact; (B) the statement is more likely on point than any other equivalent

evidence reasonably available at the time; and (C) the general objectives of the Federal Rules of Evidence and the interests of justice would best be served by admission. This compilation may be necessary to prove damages based on a reasonable royalty for an organization of comparable size.

3. Blueport Exhibits 47, 50, 58-62 – USAF Fact Sheet Mobility Command

Defendant has withdrawn their objection to Blueport Exhibits 47, 50, 58-62. *Bolden Letter dated June 20, 2006*.

4. Copyright Registration Application

This exhibit was mistakenly designated as Protected Material. The software code submitted in accordance with the Copyright Registration Application is not Protected Material, unless it is combined with the remaining pages of software code not submitted with the Copyright Registration Application. As such, the Application package is not Protected, but the first and last 25 pages of code, when included with the remainder of the software code, will be considered privileged.

5. Blueport Exhibit 91 – Expert Reports of Dr. Orr

Defendant has filed a Motion in Limine regarding Dr. Orr's report, which Plaintiff has responded to in a separate motion. Plaintiff and Defendant have also clarified, through counsel, that Exhibit 91 includes both Expert Reports of Dr. Orr.

6. Blueport Exhibit 95 - Screen Shots of AFMIA Website

Defendant objects to this exhibit as lacking foundation. Foundation will be provided at trial by testimony of Plaintiff's witnesses.

7. Blueport Exhibits 120, 123-27 – AFMAN documents, USAF Policy Directives

Defendant has agreede to remove its objections to these exhibits.

8. Blueport Exhibits 141 and 142 – Davenport copies of software

These exhibits are for rebuttal purposes only, in the event Defendant refuses to stipulate that Mark Davenport owned his own copies of the Microsoft™ software used to generate the AUMD programs while working at his home. Further, Defendant did not make any discovery requests requiring production of this software, so they were not provided. Plaintiff has maintained throughout this litigation that Davenport used his own money to purchase a comptuer, software, and programming manuals in order to produce the AUMD programs, so listing Davenport's personal copies of the software used to write AUMD as rebuttal evidence should not be a surprise to Defendant.

DATED THIS June 22, 2006,

Respectfully submitted,

RYLANDER & ASSOCIATES PC

/s/ Kurt M. Rylander
KURT M. RYLANDER, Attorney at Law
406 West 12th Street 206
Vancouver, Washington 98660
Tel: (360) 750-9931
Fax: (360) 750-9953
E-mail: rylander@pacifier.com
Of Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury of the laws of the Federal Court that on the date signed below I served a copy of the document to which this certificate is attached by electronic filing with the US Court of Federal Claims which filing serves this document upon attorneys of record for Defendant, Scott Bolden, U.S. Department of Justice, Civil Division-Commercial Litigation Branch, Washington, D.C. 20530, scott.bolden@usdoj.gov.

DATED THIS June 22, 2006

/s/ Kurt M. Rylander
KURT M. RYLANDER,
(360) 750-9931
Of Attorneys for Plaintiff

RYLANDER & ASSOCIATES PC
406 West 12th Street
Vancouver, Washington 98660
Tel: (360) 750-9931
Fax: (360) 750-9953
E-mail: rylander@pacifier.com