IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BLUEPORT COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-1622C |
| | ) | |
| THE UNITED STATES, | ) | Judge Lawrence J. Block |
| | ) | |
| Defendant. | ) | |

**CONSOLIDATED STATEMENT OF PROPOSED CONCLUSIONS OF LAW**

Pursuant to the Court's Order of December 22, 2005, plaintiff, Blueport Company, LLC ("Blueport"), and defendant, the United States ("the government"), hereby respectfully submit their Consolidated Statement of Proposed Conclusions of Law.

**AGREED UPON ISSUES OF LAW**

The parties have conferred, and have agreed that the following list identifies the disputed issues of law that must be resolved by the Court:

I. Whether the defenses incorporated into Section 1498(b) preclude Blueport's right to recover.

   A. Whether Mark Davenport prepared the AUMD program as a part of his official duties.

   B. Whether Mark Davenport prepared the AUMD program with the use of government time, material, or facilities.

II. Whether the government's or SAIC's reproduction and modification of the AUMD program are infringing.

A. Whether the government or SAIC copied and adapted the AUMD program as an essential step in the utilization of the program.

B. Whether reverse engineering of the AUMD program to produce the MARS programs constituted fair use by the government or SAIC.

III. Whether the government's or SAIC's creation of the MARS program is infringing.

A. Whether the government or SAIC directly copied protected expression in the source code from the AUMD program.

B. Whether the government's or SAIC's had access to the source code of the AUMD program.

C. Whether any of the MARS programs are substantially similar to protected expression in the AUMD program.

D. Whether the MARS programs are so similar to protected expression in the AUMD program that access may be inferred.

E. Whether the MARS programs infringe the AUMD program by copying the organization, structure, sequence, look and feel of the AUMD program.

IV. Whether Blueport is entitled to compensation.

A. Whether Blueport suffered any damages.

B. Whether Section 1498(b) permits recovery of the infringer's profits, and if so, whether the government or SAIC profited from the alleged infringement.

C. Whether reasonable royalties are a proper measure for reasonable and entire compensation.

**BLUEPORT'S PROPOSED CONCLUSIONS OF LAW**

1. This court has jurisdiction over these claims under Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and 28 U.S.C. § 1498(b), as well as the Tucker Act 28 U.S.C. § 1491 et seq.

2. Although not required, Blueport's administrative claim filed with the Air Force exhausted available administrative remedies under 28 U.S.C. § 1498(b) and so Blueport has standing for this suit.

4. The AUMD program startup screens provided proper notice to authorized users and potential infringers that the program was subject to copyright protections and unauthorized use constitute infringement.

NO IMPLIED LICENSE

5. The Air Force may have had a fully revocable implied license to use the compiled version of the AUMD software prior to May 15, 2000, the original expiration date of the AUMD programs, but not to publish or make derivative works, nor to copy, access, or alter the source code.

6. The Air Force did not have either an express or an implied license to possess, perform, make copies, publish, distribute, or make derivative works from the AUMD software, for any purposes, after May 15, 2000.

7. The Air Force at no time had a license, implied or express, to make, use, publish, or copy any derivative work of the AUMD software.

8. Any license after May 15, 2000, express or implied, was void and unenforceable as a direct result of duress and threats by the Air Force against Davenport.

INFRINGEMENT – PROTECTABLE ELEMENTS

9. The AUMD Admin and Master programs possess creative elements which are protectable under the Copyright Act. These creative elements exist in the source code itself, as well as in the organization, structure, sequence, look, and feel of the AUMD programs.

10. Although the screens themselves are not separately registered for copyright, they are a byproduct of the executable code in the program and so constitute part of the overall "look and feel" of the AUMD programs, which are protected under the copyright of the AUMD software itself.

11. "User friendly" aspects of a computer program and interface are not inherently functional where other means are available to provide "user friendly" computer program interfaces.

INFRINGEMENT THROUGH MAKING AND DISTRIBUTING COPIES OF AUMD

12. The Air Force infringed the AUMD copyrights by making copies of the compiled, executable, AUMD Admin and Master programs after May 15, 2000 without permission of the owner, Blueport, LLC.

13. The Air Force's infringement was willful and for commercial purpose.

14. The Air Force's unlawful conduct is likely to continue in the future if not enjoined.

INFRINGEMENT THROUGH CREATION, PUBLICATION, AND DISTRIBUTION OF DERIVATIVE WORKS

15. The Air Force infringed the AUMD copyrights by directly copying the organization, structure, sequencing, look, and feel of the AUMD programs in developing the

MARS software.

16. The Air Force infringed the AUMD copyright by distributing copies of the MARS software through their AFMIA website, which is an unauthorized derivative of the AUMD programs', structure, sequence, look, and feel.

17. The organization, structure, sequence, look and feel of the AUMD programs are protectable elements under the AUMD copyrights. The MARS software (GET and QUERY), developed by SAIC under contract to the Air Force, are copies of the organization, structure, sequence, look and feel of the AUMD programs, and are therefore infringing derivative works under any of the infringement tests currently being debated by the Court of Appeals for the Federal Circuit.

18. The fact that the Air Force has officially utilized at least two other programs, which were developed indpendently from AUMD/MARS and operated differently than AUMD/MARS, demonstrates that AUMD's organization, sequence, structure, look, and feel do not constitute scenes a faire which are merely functional and necessarily part of such a program.

19. The Air Force infringed the AUMD copyright by copying AUMD source code and using this source code to create a derivative work, the MARS software, without permission of the copyright owner, Blueport, LLC.

NO AFFIRMATIVE DEFENSES APPLY

20. The affirmative defense under 17 U.S.C. § 117 is not available to the Air Force because the copies of AUMD were not made from lawfully obtained copies, not made for archival purposes, and not "made solely by virtue of the activation of a machine that lawfully contains an authorized copy... for purposes of maintenance or repair of that machine..."

21. The Air Force's illegal copying does not fall under any exception for reverse engineering because the copying was not for the purpose of ensuring compatability with other programs or equipment, but rather for the purpose of making unauthorized copies, derivatives, or other unauthorized use of protectable elements of the AUMD programs, and solely for commercial purpose.

22. Davenport, the author of the AUMD programs, was not in a position to order, influence, or induce use of the AUMD programs or derivative works by the Government. Uncontrolled distribution of the AUMD programs was either ordered by superiors against Davenport's wishes, or simply occurred by word of mouth due to the superior performance of the software. Further support is provided by the fact that (1) the Air Force never officially adopted AUMD; (2) Davenport and Blueport were excluded from participation in development of the MARS duplicate programs; (3) the Air Force abandoned MARS after implementation for a different program altogether; and (4) the Air Force later returned to the MARS programs long after Davenport left the Air Force and during the course of this lawsuit.

23. Davenport, the author of the AUMD programs, was not in a position to order, influence, or induce use of the AUMD programs after May 15, 2000 when, starting on May 15, 2000, and extending through at least August 15, 2001, the Air Force hacked into the AUMD on multiple occasions to extend the expiration date.

24. Davenport, the author of the AUMD programs, was not in a position to order, influence, or induce use after April 10, 2000 when the Air Force hired SAIC to "recreate" the AUMD software by copying the AUMD programs and creating the derivative MARS software therefrom.

25. Davenport, the author of the AUMD programs, was not in a position to order, influence, or induce use after April 10, 2000 when the Air Force made copies of and distributed for use the MARS software, which was an unauthorized derivative of the AUMD programs.

26. The AUMD programs were not prepared as part of the official functions of Davenport.

27. The AUMD programs were not prepared utilizing Government time, material, or facilities.

28. The Air Force's infringement was willful, for commercial purpose, and with malicious intent.

**THE GOVERNMENT'S PROPOSED CONCLUSIONS OF LAW**

I. Blueport's claim is barred by the defenses incorporated into Section 1498(b).

A. Mark Davenport was in a position to order, influence, or induce use of the AUMD program by the government.

B. Mark Davenport prepared the AUMD program as a part of his official duties.

C. Mark Davenport prepared the AUMD program with the use of government time, material, or facilities.

II. The government's reproduction and adaptation of the AUMD program do not infringe Blueport's copyright.

A. The government copied and adapted the AUMD program as an essential step in the utilization of the program.

B. The government fairly used the AUMD program by reverse-engineering the program.

III. The government's creation of the MARS program does not infringe Blueport's copyright.

A. The MARS programs do not incorporate any protected expression from the source code of the AUMD program.

B. The government never had access to the source code of the AUMD program.

C. None of the MARS programs is substantially similar to protected expression in the AUMD program.

IV. Even assuming infringement of Blueport's copyright, Blueport is not entitled to any compensation beyond the minimum statutory damages.

A. Blueport did not incur damages as a result of the alleged infringement.

B. Section 1498(b) does not permit recovery of profits; and the government never profited from the alleged infringement.

For further discussion of these issues of law, see Defendant's Memorandum of Contentions of Fact and Law, filed on May 25, 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

OF COUNSEL:

CHUN-I CHIANG
Air Force Legal Operations Agency
Department of the Air Force

June 29, 2006

Attorneys for the United States

June 29, 2006

Respectfully submitted,
RYLANDER & ASSOCIATES PC

KURT M. RYLANDER
Attorney at Law
406 West 12th Street 206
Vancouver, Washington 98660
Tel: (360) 750-9931 Fax: (360) 750-9953
E-mail: rylander@pacifier.com
Of Attorneys for Plaintiff