IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BLUEPORT COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-1622C |
| | ) | |
| THE UNITED STATES, | ) | Judge Lawrence J. Block |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S PRETRIAL OBJECTIONS**

Pursuant to the Court's Order of December 22, 2005, defendant, the United States ("the government"), hereby replies to Plaintiff's Response to Defendant's Objections to Plaintiff's Witness and Exhibits Lists, filed on June 22, 2006 ("Blueport's Responses").

**Reply in Support of Objections to Witnesses**

1. General Objections to Blueport's Witness Lists

In light of Blueport's statement that it will "file a supplemental Witness list to correspond to the information provided," the government's general objections to Blueport's Witness Lists are moot. Blueport's Responses at 1.

After stating that it will provide a supplemental Witness List, however, Blueport states that the government "objects to authenticity of Defendant's own documents and the documents of Defendant's express agent." Blueport's Responses at 2. Blueport's characterization of the government's objection is incorrect. First, the government has not raised an authenticity objection with respect to **any** of the exhibits. Second, Blueport appears to be responding to the government's

objections to the SAIC documents, and not to the government's general witness objections. As such, this issue will be discussed in detail below.

2. Dr. David Orr

The government's objections to Dr. Orr's testimony are discussed in the Motion *In Limine* and the responsive filings.

3. John Doe 1; John Doe 2; John Doe 3; Webmaster AFMIA

In light of Blueport's identification of its three "John Doe" witnesses, and in light of its removal of its "Webmaster AFMIA" witness, the government's objection to these witnesses is moot.

**<u>Reply in Support of Objections to Exhibits</u>**

1. BX 1-36; BX 79-89; BX 92-93; BX 106 – SAIC Documents

The government continues to object to the SAIC document exhibits because they are inadmissible hearsay. In addition, the government objects to the exhibits because they lack foundation.

In response, Blueport raises three questionable arguments. Blueport argues that SAIC is a defendant in this case; that SAIC was an "agent" of the government; and that SAIC was a "coconspirator" of the government. None of these arguments has any support in the facts or in other case law.

*A. SAIC Is Not a Defendant*

First, Blueport argues, without any factual or legal support, that SAIC is a defendant in this suit. See Blueport's Responses at 2-3 ("SAIC is a a [*sic*] Defendant in fact in the prestent [*sic*] suit, and therefore a party, although not a named party in the suit."). An unnamed third-party can never be considered a defendant in a case. SAIC is not a defendant. Even though Section 1498(b) codifies the government's limited waiver of sovereign immunity for copyright infringement, and establishes this Court's jurisdiction over such claims, the statute does not bar the parties from noticing third parties. For example, pursuant to Rule 14 of the Rules of the Court of Federal Claims, Blueport could have filed a Motion to have the Court send notice to SAIC:

> (b) Notice to Interested Parties.
> (1) The court, on its own motion or on the motion of a party, may notify any person with legal capacity to sue and be sued and who is alleged to have an interest in the subject matter of any pending action. Such notice shall advise of the pendency of the action and of the opportunity to seek intervention and to assert an interest in the action.
> (2) A motion made by the plaintiff shall be filed at the time the complaint is filed. Copies and service of such motion shall be as provided in RCFC 4 and 5.3(d).

RCFC 14. Blueport did not file a Rule 14 Motion.

Furthermore, Blueport's past actions betray its current arguments. The documents that Blueport seeks to introduce were produced by SAIC pursuant to a third-party subpoena, as opposed to discovery requests sent pursuant to Rule 33 or Rule 34 of the Rules of the Court of Federal Claims. Thus, Blueport's selective labeling of SAIC as an unnamed defendant for the purposes of Rule 801(d)(2) has no support in this Court's rules or in Blueport's previous conduct.

*B. The "Agent or Servant" Hearsay Exception of Rule 801(d)(2)(D) Does Not Apply*

Blueport's second argument is that SAIC was an "agent or servant" within the scope of Rule 801(d)(2)(D). This argument is baseless. First, Blueport completely ignores the proper legal

standard. "Rule 801(d)(2)(D) requires that an agency or employment relationship must have existed between the declarant and the party." Weinstein's Federal Evidence, 801.33 [2b] at 801-74. [1] "[A]n agency relationship results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act." Brubaker Amusement Co. v. United States, 304 F.3d 1349, 1360 (Fed. Cir. 2002). Blueport has not identified any consent from the government that SAIC was authorized to act or speak on its behalf. See, e.g., Columbia First Bank, F.S.B. v. United States, 58 Fed. Cl. 333, 341 (2003) ("To overcome a hearsay objection using the non-hearsay exclusion of Fed. R. Evid. 801(d)(2)(D) proponents . . . must show that an agency relationship existed, that the statement was made during the existence of the relationship, and that the statement was made within the scope of the agency.").

Second, SAIC was hired as an independent contractor by the Air Force. "[S]tatements of a party's independent contractors typically do not come within Rule 801(d)(2)(D)." Weinstein's Federal Evidence, 801.33 [2b] at 801-74 (2d ed. 2004); see also Sanford v. Johns-Manville Sales Corp., 923 F.2d 1142, 1149-50 n. 18 (5th Cir. 1991) (holding that a physician hired by asbestos makers to examine claimants was an independent contractor, not an agent); Merrick v. Framers Ins. Group, 892 F.2d 1434, 1440 (9th Cir. 1990) (holding that proponent failed to show that speakers were agents as opposed to independent contractors).

Third, Blueport's argument also ignores the identities of the declarants. According to Rule 801(b), a "declarant" is defined as "a person who makes a statement." FRE 801(b). In this case,

---

[1] In support of its faulty analysis, Blueport claims that all of "[t]he documents and emails from SAIC were produced as required deliverables under the contract." Blueport's Responses at 3. This is untrue. As the government acknowledged in its original objection, while some of the documents appear to be email and reports submitted to the government, other documents appear to be internal SAIC drafts. Gov't Objection at 3.

SAIC, the corporation, is not the declarant for the exhibits. Rather, SAIC's employees are the declarants. SAIC's employees are not agents or servants of the government, and Blueport cannot apply Rule 801(d)(2)(D) to their statements.

*C. The "Coconspirator" Hearsay Exception of Rule 801(d)(2)(E) Does Not Apply*

Blueport's final argument – that the government and SAIC are "coconspirators" – is utterly meritless. The Supreme Court outlined the proper test for applying the "coconspirator" hearsay exception of Rule 801(d)(2)(E):

> Before admitting a co-conspirator's statement . . . [t]here must be evidence that (1) there was a conspiracy involving the declarant and the nonoffering party, and that (2) the statement was made during the course and (3) in furtherance of the conspiracy.

Bourjaily v. United States, 483 U.S. 171, 174-175 (1987).

As an initial matter, Blueport has not raised, much less established, the existence of a conspiracy. Blueport's Complaint and its Pretrial Memorandum are completely devoid of any references to a conspiracy.

In addition, Blueport again ignores the identities of the declarants. The declarants of the SAIC documents are SAIC employees, not SAIC the corporation. In order for the Rule 801(d)(2)(E) exception to apply, Blueport must establish that there was in fact a conspiracy involving the individual SAIC employees and the government.

In conclusion, Blueport's SAIC documents are inadmissible hearsay. None of the hearsay exceptions in Rule 801(d)(2) apply to these documents. Furthermore, the government objects to the exhibits because they lack foundation.

2. BX 37 – Table of Manpower Strength of USAF

The government continues to object to the admissibility of this table. As noted in the previous objection, this document purports to provide information on the Air Force, but appears on Blueport's letterhead, and Blueport produced only a portion of the exhibit during discovery. The exhibit is inadmissible hearsay, and is also objectionable because it lacks foundation.

In response, Blueport admits that the document is hearsay, but argues that the exhibit is admissible under the residual hearsay exception:

> Blueport Exhibit 37 is admissible under the residual hearsay exception of FRE 807. Blueport Exhibit 37 is a compilation of aggregate personnel strengths based on data published through open sources by the Air Force. This compilation was performed by Plaintiff's President, Robert Gunter in order to support claims of damages. Mr. Gunter will be available at trial to provide foundation at trial. This exhibit falls under 807 because it is: (A) offered as evidence of a material fact; (B) the statement is more likely on point than any other equivalent evidence reasonably available at the time; and (C) the general objectives of the Federal Rules of Evidence and the interests of justice would best be served by admission.

Blueport's Responses at 4-5.

Despite Blueport's argument, the exhibit should not be admitted under the residual hearsay exception because equivalent evidence is reasonably available and because the interests of justice will not be served by the admitting this exhibit. Blueport acknowledges that this exhibit is "a compilation of aggregate personnel strengths based on data published through open sources by the Air Force," but Blueport does not explain why it did not just seek to admit copies of the Air Force's publications. Both Blueport and the government have indicated that they will introduce many other Air Force publications into evidence. The government – after seeing Blueport's copies of the Air Force publications – has never objected to the introduction of this evidence.

Furthermore, there is no indication that Mr. Gunter is competent or qualified to offer a compilation of Air Force data. Mr. Gunter was not identified as an expert, has not provided an expert report with his analysis, and cannot meet the expert witness requirements of Rule 702.

Finally, the government would withdraw its objection to this exhibit if Mr. Gunter's sources could be ascertained and verified, and if the entire document is produced as an exhibit. The document does not identify the source of the "data published through open sources by the Air Force,"[2] and counsel for the government could not locate the information after a quick search. With respect to the fact that Blueport claimed at least two-thirds of the document as privileged, the government is entitled to either view the redacted pages or have them examined *in camera*, to assure that they are not needed for context. Otherwise, this document cannot be admitted under the residual hearsay exception.

3. BX 47 – USAF Fact Sheet AF Mobility Command

As indicated in Blueport's Responses, the government has withdrawn its objection to this exhibit.

4. BX 50 – USAF Fact Sheet USAF Per Counter

As indicated in Blueport's Responses, the government has withdrawn its objection to this exhibit.

[2] The document states that "This data was taken from Air Force Strength as of April 30, 2001," but no publication exists with that name.

5. BX 58-62 – AFMAN 36-2108 documents; AF Instructions 36-2101

As indicated in Blueport's Responses, the government has withdrawn its objection to this exhibit.

6. BX 90 – Copyright Registration Application

Blueport admits that it mistakenly designated this exhibit as "Protected". See Blueport's Responses at 5. Therefore, the government's objection is moot.

7. BX 91 – Expert Report of David Orr

The government's objections to Dr. Orr's testimony are discussed in the Motion *In Limine* and the responsive filings.[3]

8. BX 95 – Screen Shots of AFMIA Website

Blueport argues that it will establish foundation for this exhibit at trial. Therefore, the government will reevaluate whether an objection is necessary when Blueport seeks to introduce this exhibit.

[3] After counsel for Blueport realized that Dr. Orr's second expert report had not been included on Blueport's Exhibit List exchanged with counsel on April 20, 2006, or on Blueport's Exhibit List filed with the Court on May 5, 2006, counsel for the government stated that the government would not oppose Blueport's amendment of its exhibit list to include both of Dr. Orr's expert reports.

9. BX 120, 123-27 – AFMAN documents; USAF Policy Directives

As indicated in Blueport's Responses, the government has withdrawn its objection to this exhibit.

10. BX 141, 142 – Davenport copies of software

The government continues to object to these exhibits because they have not been produced by Blueport in any form. Because Blueport has not produced these exhibits, Blueport should not be allowed to use them at trial. See RCFC 37(c)(1).

Blueport's response to this objection is flawed for at least two reasons. First, Blueport claims that the exhibit is being offered for "rebuttal purposes only," but claiming "rebuttal purposes" does not meet the objection.[4] The government objected because Blueport never produced the items.

Second, Blueport incorrectly claims that "Defendant did not make any discovery requests requiring production of this software, so they were not provided." Blueport's Responses at 6. In fact, Blueport identified the software in response to a discovery request by the government, but never produced receipts or copies of the identified items:

> INTERROGATORY NO. 7: Compensation
> With regard to the compensation Plaintiff seeks in this action:
> (a) Specify the beginning and ending dates of what Plaintiff contends is the applicable accounting period.
> (b) Specify the manner in which the compensation sought is to be calculated, and include a description of each component of the calculation together with a corresponding dollar amount.

[4] Furthermore, Blueport's definition of "rebuttal" appears to be impermissibly broad. Blueport claims that it can introduce the exhibit for rebuttal purposes "in the event Defendant refuses to stipulate" to a fact. Blueport's Responses at 6. The purpose of rebuttal evidence is to disprove facts already in evidence. Rebuttal evidence should not be admitted merely on the basis of a refusal to stipulate to a fact – this is the domain of direct evidence.

> **(c) Describe and quantify the expenses that were incurred in the development of AUMD.**
>
> (d) Describe and quantify all income that AUMD has generated since its creation.
>
> **(e) Identify all documents pertaining to this Interrogatory and all persons with knowledge of the facts thereof.**

A1-2 (Excerpt of Interrogatory Response) (emphasis added). In response to the emphasized portions of that Interrogatory, Blueport stated that:

> Mr. Davenport incurred the costs for purchasing 8 books about [Microsoft] Access 97, at approximately $35 each. A copy of MS Office 97 with MS Access from COSTCO at $299, and a subscription to MS Access Magazine at $35 for a year.
>
> For further response please see the document production.

A5 (Excerpt of Interrogatory Response). Despite its statement, Blueport never produced receipts or copies for the software identified above.[5] Therefore, Blueport's failure to produced items subject to a discovery request and response should preclude Blueport from using the items at trial. See RCFC 37(c)(1).

[5] The government's first request for production of documents requested "[a]ll documents or things identified by plaintiff in its responses to Defendant's First Set of Interrogatories." A6-7 (Excerpt of Response to Request for Production).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

OF COUNSEL:

CHUN-I CHIANG
Air Force Legal Operations Agency
Department of the Air Force

June 29, 2006

Attorneys for the United States