IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BLUEPORT COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 02-1622C<br><br>Judge Lawrence J. Block |

**DEFENDANT'S UNOPPOSED MOTION FOR**
**ORDER AUTHORIZING SERVICE OF A SUBPOENA**

Defendant, the United States ("the government"), hereby moves pursuant to RCFC 45 for leave to serve a subpoena on a trial witness located more than 100 miles from the trial location. Defendant does not oppose this motion. By telephone conference on June 27, 2006, counsel for plaintiff advised counsel for the government that plaintiff does not oppose this motion.

Rule 45 of the Court of Federal Claims provides that trial witnesses located more than 100 miles from the site of the trial cannot be served absent an Order from the Court authorizing such service. Rule 45(b)(2) provides, in pertinent part:

> [A] subpoena may be served at any place that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena, but the court upon proper application and good cause shown may authorize the service of a subpoena at any other place.

See also 28 U.S.C. § 2521. The Order must accompany the service of subpoena. See Form 6, Subpoena, Rules of the Court of Federal Claims.

The government must subpoena Glendon Hendricks, who resides more than one hundred miles from Portland, Oregon, where the trial is being conducted. Mr. Hendricks was identified in the government's witness lists with the following information:

Glendon Hendricks
13034 Tonne Drive East
New Braunfels, Texas 78132-4560
(830) 620-1739

Mr. Hendricks will testify concerning: the official employment functions of Mark Davenport; whether government time, material, and/or facilities in the preparation of the AUMD program; and whether Mark Davenport was in a position to order, influence, or induce the use of the AUMD program by the government. In addition, Mr. Hendricks will testify concerning the use, function, and features of the MDS system, and the AUMD and MARS programs.

**I. Need**

The government needs Mr. Hendricks's testimony for the topics identified above. His testimony is necessary to establish whether the defenses incorporated into Section 1498(b) are applicable in this case. In addition, he was personally involved in some of the events that gave rise to this case.

**II. Avoidance of Hardship**

The government will provide for Mr. Hendricks's travel to and from Portland, Oregon, and his lodging. The government will take measures to avoid undue hardship on Mr. Hendricks. Finally, counsel for the government has discussed this matter with Mr. Hendricks, and has confirmed that Mr. Hendricks has no personal conflicts which would preclude him from appearing and testifying.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden

SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

July 7, 2006

Attorneys for the United States