# The United States Court of Federal Claims

**No: 02-1622 C**
August 10, 2006

**BLUEPORT COMPANY, LLP,**

***Plaintiff***,

**v.**

**THE UNITED STATES OF AMERICA,**

***Defendant***.

**ORDER ESTABLISHING POST-TRIAL BRIEFING SCHEDULE**

The court conducted a trial on liability and potential damages from the copyright infringement issues in this case from July 24 - 28, 2006. As it is the custom of this court to entertain post-trial supplemental briefing, the parties are requested to file post-trial briefs that address *any* of the issues raised at trial, with particular attention given to the specific issues identified below. This is an opportunity for the parties to present their position by marshaling the facts and cases that support their position. **For any issue addressed in the briefs, each party should articulate its legal theory or argument and identify citations in the trial transcripts and record that support its position. Citations to case law would be helpful.** The court is aware that for some issues the case law may be limited. Parties are asked to draw on cases from similar areas in copyright, patent law, and common or state law, focusing on the development of underlying legal principles.

Each party may file its original brief no later than **Friday, September 29, 2006**. The original brief shall not exceed 45 pages in length. Each party may file one response brief to rebut issues addressed in the opposing party's original brief. Any response brief must be filed no later than **Friday, October 20, 2006** and shall not exceed 30 pages in length.

It would be particularly helpful to the court if each party would specifically address each of the following questions, in addition to any other relevant issues:

1. Are the defenses set out in 28 U.S.C. § 1498(b) jurisdictional in nature? Is the burden, therefore, on plaintiff to show that the defenses are not applicable and that jurisdiction is appropriate, or is the burden on defendant to show that the defenses are applicable and bar plaintiff's claim. Since cases addressing the jurisdictional nature of 28 U.S.C. § 1498(b) are limited, the parties should draw

comparisons with other jurisdictional statutes in making their arguments.

2. Address each of the 28 U.S.C. § 1498(b) defenses that are relevant in this matter. Specifically whether Mr. Davenport: (a) influenced or induced the government's use of the AUMD program; (b) prepared the AUMD program as part of his official functions; (c) used government time, material and facilities to create the AUMD program. The parties are specifically asked to explore the nature and extent of an employer's rights in copyrighted materials produced by an employee during the period of the employee's employment. Are there analogous situations whose law might be helpful, such as employment law, covenants not to compete, etc., that may shed light on this issue? If so, how?

3. Whether the protections of the copyrighted AUMD 2.1d extend to version AUMD 2.1f?

4. Did the government have an implied license to use the AUMD program? If so, at what point did that license end?

5. Was the government's copying and adaptation of the AUMD program protected under 17 U.S.C. § 117?

6. Was the government's copying of the AUMD program a fair use under 17 U.S.C. § 107?

7. To what extent are the AUMD program's screen displays protected expression under copyright law. Other cases such as *Apple Computer Inc. v. Microsoft Corp.*, 821 F. Supp 616 (N.D. Cal. 1993) *aff'd* 35 F.3d 1435 (9th Cir. 1994), have examined the "look and feel" aspect of a computer program's images. The court asks the parties to specifically cite other cases examining graphical user interfaces and copyright protection.

8. To what extent the merger doctrine and *scenes a faire* are applicable in this matter.

9. Should the court determine plaintiff's copyright was indeed violated, what is the appropriate amount of damages under 28 U.S.C. § 1498(b) and 17 U.S.C. § 504(b)?

**IT IS SO ORDERED.**

s/*Lawrence J. Block*

**Lawrence J. Block**
**Judge**